FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 13, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES BOHN, an individual,<br><br>     Plaintiff,<br><br>  v.<br><br>CHELAN COUNTY, a municipal corporation, THE UNITED STATES OF AMERICA, THE UNITED STATES BUREAU OF RECLAMATION, and THE UNITED STATES NATIONAL PARK SERVICE<br><br>     Defendants. | No. 2:20-cv-00257-SMJ<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Before the Court, without oral argument, is the United States' Motion to Dismiss, ECF No. 23. The United States argues that Plaintiff failed to sue within the limitation period and urges this Court to dismiss for lack of subject-matter jurisdiction. The Court has reviewed the file and is fully informed. For the reasons below, the Court grants the motion to dismiss.

## BACKGROUND

This suit arises out of the United States' ownership of Stehekin Valley Road ("SVR") in Chelan County, Washington, within the boundaries of the Lake Chelan

National Recreational Area and the North Cascades National Park. ECF No. 1 at 7. Plaintiff owns a parcel of land that SVR bisects. *Id.* Plaintiff alleges an unlawful taking and seeks a declaratory judgment that SVR exists as a county road and that Chelan County did not validly convey SVR to the United States. *Id.* at 14.

In 1970, the Chelan County Board of County Commissioners ("the Board") executed a quitclaim deed conveying "all right, title, interest in and to" SVR. *Id.* at 9. The Board also executed a resolution vacating the remaining portion of Chelan County Road No. 21. *Id.* The quitclaim deed granting the United States its interest was recorded under Auditor No. 699842 later that year. *Id.* at 81.

In response to the Board's actions, twenty-nine individual property owners and the Stehekin River Resort sued Chelan County to nullify the conveyance. *See Stehekin River Resort, Inc. v. Chelan Cnty.*, No. 25845 (Chelan Cnty. Superior Ct. 1970). The suit settled in 1973. ECF No. 1 at 96. The parties agreed Chelan County had authority to convey SVR to the United States. *Id.* The parties' stipulation also stated the United States had agreed to maintain SVR to enable residents' reasonable ingress and egress. *Id.*

In 1991, the Board executed a resolution in an effort to rescind the 1970 quitclaim deed. ECF No. 1 at 86. In response, the United States filed a quiet title action in 1992. *See United States v. Chelan Cnty*, No. 2:92-cv-0331-AAM, at ECF No. 1 (E.D. Wash. Aug. 31, 1992). The district court granted summary judgment in

1    favor of the United States and found that the United States held exclusive title to

2    SVR. *Id.* at ECF No. 72 (June 4, 1993).

3        Plaintiff bought his property in 1985. ECF No. 25 at 5. In 1997, Plaintiff

4    wrote a letter to the National Park Service (NPS), requesting information regarding

5    the status of SVR. ECF No. 1 at 39.

6        In 2007, Plaintiff was stopped by a NPS ranger while riding a motorcycle on

7    SVR. *United States v. Bohn*, 622 F.3d 1129, 1132 (9th Cir. 2010). Plaintiff sued,

8    challenging NPS's authority to issue a ticket on SVR. *Id.* The Ninth Circuit

9    ultimately upheld NPS's authority to issue such citations, based on NPS's

10   proprietary jurisdiction over SVR and the Property Clause of the Constitution. *Id*.

11   The Ninth Circuit also recognized the United States had prevailed in the 1992 quiet

12   title action. *Id.* at 1132 n.1.

13       Plaintiff sued on June 18, 2020. ECF No. 1 at 1.

14                          **LEGAL STANDARD**

15       Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal

16   of an action for "lack of subject matter jurisdiction." Faced with a Rule 12(b)(1)

17   motion, a plaintiff bears the burden of proving the existence of the court's subject

18   matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). The

19   court may "hear evidence regarding jurisdiction and resolve factual disputes where

20   necessary." *Robinson v. United* States, 586 F.3d 683, 685 (9th Cir. 2009). If a

federal court finds that it lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

The United States, as a sovereign, is immune from suit unless it has waived its immunity. *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). A court lacks subject matter jurisdiction over a claim against the United States if the United States has not consented to be sued on that claim. *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007). A waiver of sovereign immunity by the United States must be expressed unequivocally. *Lane v. Pena*, 518 U.S. 187, 192 (1996). "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *United States v. Mottaz*, 476 U.S. 834, 841 (1986). In an action under the Quiet Title Act, "[t]he running of the twelve-year limitations period deprives the federal courts of 'jurisdiction to inquire into the merits.'" *Kingman Reef Atoll Investments, L.L.C. v. United States*, 541 F.3d 1189, 1195–96 (9th Cir. 2008) (quoting *Block v. North Dakota*, 461 U.S. 273, 292 (1983)).

## DISCUSSION

**A.    Plaintiff's claim amount to allegation under the Quiet Title Act**

The Court agrees that while Plaintiff frames his claims in terms of declaratory relief and a constitutional "taking," they amount to a challenge to the United States' title in SVR and thus can only be brought under the Quiet Title Act (QTA).

1    Under the QTA, "[t]he United States may be named as a party defendant in

2    a civil action . . . to adjudicate a disputed title to real property in which the United

3    States claims an interest." 28 U.S.C. § 2409a(a). The QTA is the "exclusive means

4    by which adverse claimants [may] challenge the United States' title to real

5    property." *Block*, 461 U.S. at 287.

6    A Plaintiff cannot hide a QTA claim by naming other causes of action. In

7    *Mottaz*, for example, the plaintiff sued the United States, alleging the government

8    sold some of her allotments without her permission and, as a result, those transfers

9    were void. 476 U.S. at 838. She also asserted that she had been deprived of property

10    without due process or just compensation. *Id*. The Court determined plaintiff's

11    "takings" allegation really challenged the government's title to the land. It reasoned

12    that the plaintiff claimed "she still owns her interests in the allotments, and she seeks

13    to force the Government to buy those interests. She claims, in essence, that no

14    legally cognizable taking has yet occurred." *Id*. at 851. The Court thus determined

15    plaintiff needed to bring her case under the QTA within its 12-year statute of

16    limitation. *Id*. Similarly, plaintiffs cannot avoid the QTA's statute of limitations

17    through disguising their claims using the Declaratory Judgment Act ("DJA"). *See*

18    *Alaska Dep't of Nat. Res. v. United States*, 816 F.3d 580, 586 (9th Cir. 2016)

19    (determining that the claim for declaratory relief which sought essentially the same

20    relief as the quiet title claim was properly dismissed); *McMaster v. United States*,

731 F.3d 881, 900 (9th Cir. 2013) (upholding dismissal of plaintiff's DJA claims because "the QTA is the exclusive means by which adverse claimants can challenge the United States' title to real property" and "the crux of [plaintiff]'s DJA claims is that [he] is entitled to fee-simple ownership") (internal quotation marks omitted).

Likewise, Plaintiff claims that title in SVR did not validly pass to the United States. *See* ECF No. 1 at 14. He has presented a QTA claim disguised as a takings claim. The QTA is the only way Plaintiff could challenge title in this case.

**B.    Plaintiff's claims are untimely**

Under the QTA, Plaintiff had to file his claim within twelve years of when he knew or should have known of an adverse claim in SVR. 28 U.S.C. § 2409a(g). Courts have adopted a reasonableness test. *California ex rel. State Land Comm'n v. Yuba Goldfields, Inc.*, 752 F.2d 393, 396 (9th Cir. 1985). "The question is whether the United States' action would have alerted a reasonable landowner that the government claimed an interest in the land." *Shultz v. Dept. of Army*, 886 F.2d 1157, 1160 (9th Cir. 1989). Because Plaintiff sued on June 23, 2020, the statute of limitations bars his claims if he had constructive notice before June 23, 2008. The Court finds that Plaintiff knew or should have known that the United States claimed an interest adverse to Plaintiff's property right before that date.

Plaintiff had constructive notice since at least 1985, when he bought his property. "[T]he recording of a deed imparts constructive notice of the estate or

interest acquired to all subsequent purchasers, whether or not they are bona fide purchasers for value and whether or not they have actual notice of the conveyance." *Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Nw., Inc.*, 277 P.3d 18, 30 (Wash. Ct. App. 2012). The United States recorded its quitclaim deed in 1970. ECF No. 1 at 81.

And Plaintiff had *actual* knowledge of the possibility of federal ownership since *at least* 1997. Early that year, Plaintiff sent a letter to NPS asking about the result of the 1993 quiet title lawsuit because he "became concerned with the language of the order referencing conveyance of land in fee title without apparent recognition of the road's actual legal basis as a ROW." ECF No. 25 at 7. Plaintiff also communicated with NPS, including communications about SVR, before 1997. *See* ECF No. 25 at 6, 9, 23 & 27. Plaintiff was aware that, even if the United States was not currently asserting any ownership rights, it "[was] mak[ing] a 'claim that creates . . . a cloud on'" his ownership interest. *See Kingman Reef Atoll Investments, L.L.C.*, 541 F.3d at 1198.

Plaintiff argues that NPS's response to his inquiry misled him, and that the Court should toll the statute of limitations or apply the doctrine of equitable estoppel. ECF No. 25 at 5; *see also id.* at 8 ("With this written assurance that the NPS was not making a claim on plaintiff's underlying, servient property rights, plaintiff's concerns were temporarily satisfied." (emphasis in original)). The Court

cannot determine that there was any fraudulent concealment by any Defendant or any other reason to toll the statute of limitations.

More importantly, though, even if Plaintiff would be entitled to tolling or equitable estoppel in other circumstances, such doctrines are unavailable to Plaintiff for a QTA claim. *Kingman Reef Atoll Investments, L.L.C.*, 541 F.3d at 1195–96 ("The Supreme Court has already held that Congress intended the QTA's limitations period to serve interests of finality, and therefore it may not be tolled."). "The Supreme Court has held that this limitations period is a central condition of the consent [to be sued] given by the [QTA]." *Fidelity Expl. and Prod. Co. v. United States*, 506 F.3d 1182, 1185 (9th Cir. 2007) (internal quotation marks and citation omitted). So, the conditions of the statute's waiver of immunity "must be strictly observed, and exceptions thereto are not to be lightly implied." *Id.* at 1185–86. Plaintiff has known about the cloud on the title of SVR for more than twenty years and had constructive notice for more than thirty-five years. The time for a QTA claim has passed.

## CONCLUSION

The Court must dismiss this case as untimely. Although much of Plaintiff's responses are spent reiterating the alleged importance of his suit, the Court cannot reach the merits when it lacks jurisdiction. *See* ECF No. 25 at 4. Because Plaintiff could not amend his Complaint to properly allege jurisdiction, the Court dismisses

this case with prejudice. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (internal quotation omitted).

Accordingly, **IT IS HEREBY ORDERED**:

1.   The United States' Motion to Dismiss, **ECF No. 23**, is **GRANTED**.

2.   Plaintiff's Complaint, ECF No. 1-1 at 7–15 is **DISMISSED WITH PREJUDICE** with all parties to bear their own costs and attorney fees.

3.   All pending motions are **DENIED AS MOOT**.

4.   All hearings and other deadlines are **STRICKEN**.

5.   The Clerk's Office is directed to **ENTER JUDGMENT** in favor of Defendants and **CLOSE** the file.

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order and provide copies to all counsel and *pro se* parties.

**DATED** this 13ᵗʰ day of April 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge
